UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DIGITALTOWN, INC.. | ) | Bankruptcy #20-32155 |
| | ) | |
| Debtor. | ) | Chapter 11 Bankruptcy Case |
| | ) | |

NOTICE OF HEARING AND MOTION TO
RESCIND DEBTOR'S SUBCHAPTER V ELECTION

TO:     The debtors and other entities specified in Local Rule 9013-3.

1. James L. Snyder, Acting United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion before the Honorable Katherine A. Constantine, U.S. Bankruptcy Judge, at 10:00 a.m. on Thursday, December 3, 2020, in Courtroom No. 2C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN   55101.

3. Any response to this motion must be filed and delivered not later than November 27, 2020, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1.   The United States Trustee has standing to file this motion pursuant to 28 U.S.C. §586(a) and 11 U.S.C. §307.   This matter constitutes a core proceeding.

5. This motion arises under 11 U. S. C. §307 and FED. R. BANKR. P. 9014. This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3. Movant requests the debtor's election of treatment under 11 U.S.C. §1181, *et. seq.* be rescinded. Simultaneous to the hearing on this motion, the U.S. Trustee also filed a separate motion seeking conversion of the case to chapter 7 since it appears the debtor cannot get a plan confirmed without being under Subchapter V.

**FACTS**

6. The voluntary petition under chapter 11 commencing this case was filed on September 8, 2020. As part of the voluntary petition, the debtor elected to have the case treated under Subchapter V, part of the Small Business Reorganization Act of 2020 and 11 U.S.C. §1182. The case is now pending before the court.

7. The debtor was engaged in the business of building and marketing computer software, including the acquisition and management of domain names. The debtor's stock is publicly traded on the over-the-counter market under the symbol DGTW. As such, the debtor had ongoing reporting requirements to the Securities Exchange Commission (SEC).

8. On October 6, 2020, the undersigned counsel to the U.S. Trustee conducted the meeting of creditors required under 11 U.S.C. §341(a). At that meeting, the debtor's president Sam Ciacco appeared telephonically and testified. Mr. Ciacco testified, *inter alia*, that prior to the commencement of the case, the debtor had run up extraordinary debt, resulting in repayment notes given to creditors which contained "conversion" features allowing the creditor to convert the debt to stock. He further testified that at present, the debtor has no business operations, no employees, no income and no bank account. The plan to be proposed in chapter 11 would include new financing from a committed investor who will purportedly invest up to $5 million in

the debtor to restart the business. The plan would also require the application of §1191(b) which allows for the confirmation of a plan without an impaired and accepting class, as otherwise required by §1129(a)(10). The intent of the case filing was, in part, to reconfigure the debtor's equity structure.

9. Mr. Ciacco also testified that prior to the commencement of this case, on August 27, 2020 the debtor filed Form 15 with the SEC. Attached as Exhibit A. He further confirmed that at the time the debtor commenced this case, it was not current on its SEC reporting requirements. He also confirmed that the debtor's fiscal year begins on March 1st of each year.

10. On information and belief, it is the debtor's position that upon the filing of Form 15, the debtor's duty to comply with regular SEC reporting requirements ended. Under 11 U.S.C. §101(51D)(B)(ii), the term "Small Business Debtor" is defined to <u>not</u> include "any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)). . .".

11. According to the debtor's first draft disclosure statement, it has five billion shares authorized with 3,019,093,865 shares outstanding. The outstanding shares consist of both restricted and unrestricted stock. At the §341 meeting, Mr. Ciacco testified that he holds preferred shares that give him exclusive control over the debtor.

12. On information and belief, given the debtor's debt structure and numerous shareholders, it can only obtain confirmation of a chapter 11 plan if it does so under Subchapter V. The debtor cannot meet the requirements of 11 U.S.C. §1129(a)(10), and that subsection is explicitly excluded from the confirmation requirements for Subchapter V, as provided for in 11 U.S.C. §1191(b).

## REVOCATION OF SUBCHAPTER V ELECTION

13. The debtor made its election to be treated under subchapter V of chapter 11, but it was not qualified to make that election under 11 U.S.C. §101(51D)(b)(ii).   Eligibility under Subchapter V is determined at the time the bankruptcy petition is filed and the subchapter V election has, as a prerequisite that the debtor not be subject to unmet reporting obligations under the Securities Exchange Act of 1934.   Although the debtor attempted to remove that requirement by filing Form 15 with the SEC, that attempt was not successful.   Accordingly, the Subchapter V election must be rescinded by the court.

14.   Attached hereto as Exhibit B, is an October 21, 2020, letter from Mark F. Vilardo, Special Counsel to the SEC which outlines the procedures by which a stock issuer (such as the debtor) can terminate or suspend its SEC reporting requirements (Vilardo Letter).   Those procedures are technical and specific and go far beyond simply filing a one page Form 15 and checking the appropriate box, as the debtor did here.

15.   Specifically, the Vilardo Letter outlines the debtor's obligations under both Section 12 and Section 15(d) of the Securities Exchange Act of 1934 (Exchange Act).   First, the debtor has acknowledged its initial duty to meet the Securities Exchange Act reporting requirements when it filed the Form 15 seeking to terminate those requirements.   That fact is uncontested. The debtor had the requirement to file reports.   The analysis then goes to determining if the debtor has met all requirements of either terminating or suspending those reporting requirements.

16.   To obtain such a termination or suspension, the debtor needed to undertake a multi-step process under the Exchange Act's provisions and rules, and successfully meet the requirements of each of those steps.   Those steps arise under the obligations set forth first in

Section 12(b), then Section 12(g) and finally Section 15(d) of the Exchange Act.  See Vilardo Letter, p. 2, third full paragraph.

17. Section 12(b) of the Exchange Act is applicable only to those issuers with a class of securities listed for trading on a national securities exchange.  That does not appear applicable to this debtor.  Accordingly, debtor addressed its Section 12(g) obligation and appropriately filed the Form 15, invoking Rule 12g-4(a)(2).  (See p. 2-3 of Vilardo letter).  Once the debtor obtained a termination of its obligations to report under subsection Section 12(g), then any previously incurred reporting obligation under Section 15(d) is reinstated, or revived, and the debtor would then also need to suspend that reporting obligation or would need to continue to report.  See Vilardo Letter, p. 3, second full paragraph, last sentence.  The Section 15(d) reporting requirements can be automatically suspended, but only on the first day of the debtor's next fiscal year, which in this case is March 1.  *Id.*  The only time the debtor can suspend the Section 15(d) reporting requirements outside the end of its fiscal year is when it is current on its reporting obligations.  Vilardo Letter, p. 4.  Here, the debtor was admittedly not current with its SEC reports at the time the Subchapter V bankruptcy case was filed.

18. As a result of the foregoing, the debtor has not now, and did not at the time the case was commenced, successfully suspended its ongoing Section 15(d) SEC reporting obligation.  It is not at the end of its fiscal year and it is not current on its reporting.  Consequently, it was also not entitled to make the Subchapter V election.

19. Based on the foregoing, the court should find that the debtor did not successfully suspend its reporting obligations with the SEC prior to making the Subchapter V election.  In turn, the court should make a finding that the Subchapter V election was void and is rescinded.

CONCLUSION

20. As a publicly traded corporation with over three billion shares outstanding and the ongoing requirement to file reports under the Securities Exchange Act that remain unmet, the debtor does not meet the definition of a Small Business Debtor, as defined in 11 U.S.C. §101(51D)(B)(ii). Although the securities regulations are complex and sometimes can be difficult to understand, here it can be shown that the debtor did not take sufficient steps to suspend its reporting obligations to the SEC. Since those obligations continued at the time the case was commenced, the debtor's Subchapter V election was not effective and the debtor should not be allowed to avail itself of the preferable chapter 11 treatment under the Small Business Reorganization Act of 2020.

WHEREFORE, the United States Trustee moves the court for an order rescinding the debtor's election under Subchapter V of the bankruptcy code. The debtor's election was not effective because it did not qualify under the definition of a non-reporting entity. As a result, the court should order that the debtor's election of treatment under subchapter V of the code is rescinded.

Dated: October 28, 2020

JAMES L. SNYDER
Acting United States Trustee
Region 12

By:      s/ Michael R. Fadlovich
MICHAEL R. FADLOVICH
Trial Attorney
MN Attorney I.D. No. 158410
United States Trustee's Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 334-1356

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 15

**CERTIFICATION AND NOTICE OF TERMINATION OF REGISTRATION UNDER SECTION 12(g) OF THE SECURITIES EXCHANGE ACT OF 1934 OR SUSPENSION OF DUTY TO FILE REPORTS UNDER SECTIONS 13 AND 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934.**

Commission File Number: 000-27225

# DigitalTown, Inc.
(Exact name of registrant as specified in its charter)

**810 Quayside Drive, Suite 205**
**New Westminster, BC V3M 6B9 Canada**
**(425) 577-7766**
(Address, including zip code, and telephone number, including area code, of registrant's principal executive offices)

**Common stock, par value $0.01 per share**
(Title of each class of securities covered by this Form)

**None**
(Titles of all other classes of securities for which a duty to file reports under section 13(a) or 15(d) remains)

Please place an X in the box(es) to designate the appropriate rule provision(s) relied upon to terminate or suspend the duty to file reports:

| Rule | |
|---|---|
| Rule 12g-4(a)(1) | [ ] |
| Rule 12g-4(a)(2) | [X] |
| Rule 12h-3(b)(1)(i) | [ ] |
| Rule 12h-3(b)(1)(ii) | [ ] |
| Rule 15d-6 | [ ] |
| Rule 15d-22(b) | [ ] |

Approximate number of holders of record as of the certification or notice date: 359

Pursuant to the requirements of the Securities Exchange Act of 1934 DigitalTown, Inc. has caused this certification/notice to be signed on its behalf by the undersigned duly authorized person.

| | |
|---|---|
| Date: August 27, 2020 | By: */s/ Sam Ciacco* |
| | Name: Sam Ciacco |
| | Title: Chief Executive Officer |

Exhibit B



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
CORPORATION FINANCE

October 21, 2020

**VIA EMAIL**

Michael Fadlovich
Gretchen Silver
Office of the U.S. Trustee
219 S. Dearborn, Rm. 873
Chicago, IL  60604
Gretchen.Silver@ust.doj.gov
Michael.Fadlovich@usdoj.gov

      Re:    DigitalTown, Inc.  #20-32155

Dear Mr. Fadlovich & Ms. Silver:

      I am a Special Counsel in the Division of Corporation Finance at the U.S. Securities and Exchange Commission.  The Division administers those sections of the federal securities laws relating to securities offerings, corporate disclosure and reporting obligations of publicly-owned companies.  I am responding to your request for information in connection with the above-referenced bankruptcy proceeding regarding the method by which a domestic issuer of securities, with certain reporting obligations under the Securities Exchange Act of 1934, may terminate or suspend those obligations under the Exchange Act and related Commission rules.[1]  I express no views on the particular legal questions raised in the matter before the Bankruptcy Court.[2]

Incurring a Reporting Obligation

      *Section 12(b) Registration.*  A domestic issuer of securities incurs an obligation under the Exchange Act to file with the Commission periodic reports (quarterly reports on Form 10-Q and annual reports on Form 10-K) and current reports (on Form 8-K), as well as certain other filings, such as proxy materials, when it registers a class of securities under the Exchange Act in connection with listing those securities for trading on a national securities exchange (*e.g.*, the New York Stock Exchange or the Nasdaq). Typically, this is accomplished by the issuer filing a Form 10 or Form 8-A with the

---

[1] This letter does not address the Exchange Act reporting obligations or the deregistration process applicable to most foreign issuers, banks, savings and loan holding companies, or bank holding companies. That is because these entities are subject to different rules or rule provisions which are not applicable here.

[2] The Securities and Exchange Commission disclaims responsibility for any private statement of any SEC employee.  This letter expresses the author's views and does not necessarily reflect those of the Commission, the commissioners or other members of the staff.

Michael Fadlovich
Gretchen Silver
Page 2

Commission for a particular class of securities (*e.g.*, a class of common stock).

*Section 12(g) Registration.* A domestic issuer of securities also incurs an obligation to file Exchange Act reports when it registers, or is required to register, a class of securities under Section 12(g). Again, this typically is accomplished by the issuer filing a Form 10 or Form 8-A with the Commission for the class of securities. Section 12(g) requires that the class be registered once the class is owned by 500 holders of record[3] who are not accredited investors, or 2,000 holders in total, and the issuer has more than $10 million in total assets. An issuer is permitted to register a class of securities under Section 12(g) even when it has not crossed the thresholds. Regardless of whether the issuer is compelled by Section 12(g) to register the class of securities or it does so for other reasons, once registered, the issuer must make all Exchange Act filings until it can properly terminate the Section 12(g) reporting obligation under applicable Commission rules. Section 12(g) registration is only required or available to register equity securities (*e.g.*, common stock); it does not apply to debt or other non-equity securities. A Section 12(g) obligation incurred for a class of securities is "suspended " (that is, Section 12(g) is not the provision of the Exchange Act under which the issuer reports) while that class is registered under Section 12(b).

*Section 15(d) Obligation.* Another way a domestic issuer of securities can incur a reporting obligation is when the issuer registers an offering under the Securities Act of 1933. Upon effectiveness of a registration statement for the offering, the issuer incurs a reporting obligation under Exchange Act Section 15(d) for the class or classes of securities offered. Under the Exchange Act, a Section 15(d) obligation is "suspended," however, while the issuer has any class of securities registered under Section 12(b) or Section 12(g). In other words, while the issuer has a class registered under Section 12, it is not then reporting under any Section 15(d) obligations incurred for any class of securities.

<u>Terminating or Suspending a Reporting Obligation</u>

A domestic issuer can terminate or suspend a reporting obligation only by satisfying the conditions of the applicable Exchange Act provision and rules. Once a particular Exchange Act obligation is terminated, the issuer must then determine whether any other obligations would apply to that class of securities. The issuer begins with any applicable Section 12(b) obligation, then addresses Section 12(g), and then Section 15(d).

*Terminating a Section 12(b) Obligation.* The process of terminating a Section 12(b) obligation requires that a Form 25 be filed with the Commission. The issuer and relevant exchange must comply with Exchange Act Rule 12d2-2. Once the Section 12(b) termination process is complete, the issuer must determine whether a Section 12(g) obligation applies to that class of securities under Exchange Act Rules 12d2-2 and 12g-2;

---

[3] The number of record holders of a class under Section 12(g) and Section 15(d) is determined under Exchange Act Rule 12g5-1 and related guidance.

Michael Fadlovich
Gretchen Silver
Page 3

namely, a Section 12(g) obligation will be imposed if the class meets the thresholds for incurring a Section 12(g) obligation or if the issuer had previously registered the class under Section 12(g).

*Terminating a Section 12(g) Obligation.* An issuer can terminate a Section 12(g) obligation at any time under Exchange Act Rule 12g-4 by filing a Form 15[4] with the Commission where either of the following is applicable: (1) the class of securities is held of record by less than 300 persons or (2) the class of securities is held of record by less than 500 persons and where the issuer has had less than $10 million in total assets for each of the three most recent fiscal years. Rule 12g-4 does not require that a company be current in its Exchange Act reporting obligations to properly invoke the rule. Further, termination only takes effect when the Form 15 is filed. Termination does not happen by operation of the rules or the Exchange Act itself; it must be invoked in a Form 15 filing.

*Suspending a Section 15(d) Obligation.*[5] Under Commission rules and guidance, an issuer that terminates its Section 12 reporting obligation(s) must then address any Section 15(d) reporting obligation it may have for that class of securities.[6] As noted above, under Section 15(d), any Section 15(d) obligation is suspended (that is, not then in effect) while an issuer has a Section 12 obligation in place. Once the Section 12 obligation is terminated, then any Section 15(d) suspension ends and the reporting obligation is "revived," so to speak; the issuer then determines whether it may suspend the Section 15(d) obligation.

One method of suspending a Section 15(d) obligation is by operation of the Exchange Act itself. Section 15(d) will automatically suspend a Section 15(d) obligation on the first day of a fiscal year in which the class of securities in question: (1) is not subject to a Section 12(b) or Section 12(g) obligation and (2) the class is held by less than 300 holders of record. The issuer is required to file a Form 15 to notify the Commission and security holders of the suspension, but that filing is not a condition to the suspension taking effect.

---

[4] Form 15 is used to provide notice of what obligation is terminated or suspended and to identify the rule used to invoke that termination or suspension. Form 15 provides notification concerning deregistration under Section 12(g) or suspension under Section 15(d). Many issuers have both obligations and Form 15 allows companies to address them both in the same filing, if the rules permit it.

[5] Exchange Act Section 15(d) and related rules refer to "suspending" a Section 15(d) obligation because that obligation is never terminated; it is only suspended until it is "revived" in the future by operation of Section 15(d) or Exchange Act Rule 12h-3(e).

[6] *See, e.g.*, Staff Legal Bulletin No. 18 (Mar. 15, 2010), at Section IV.1.:
> An issuer may not rely on Rule 12h-3 to suspend its Section 15(d) reporting obligation if it has a class of securities registered, or required to be registered, under Section 12 of the Exchange Act. Section 15(d) provides that the obligation to file reports under Section 15(d) is automatically suspended if and so long as any class of securities of an issuer is registered pursuant to Section 12. Accordingly, any Forms 25 and 15 to terminate Section 12 registration for any class of securities registered under Section 12 must be properly filed before suspension of a Section 15(d) reporting obligation may be effected pursuant to Rule 12h-3.

Michael Fadlovich
Gretchen Silver
Page 4

      Under Exchange Act Rule 12h-3, a Section 15(d) obligation can be suspended at any time when the rule's conditions are met, one of which is that the issuer be "current" in its reporting obligations.  When that is met, an issuer with (1) less than 300 holders of record or (2) less than 500 holders of record and less than $10 million in assets for each of the three most recent fiscal years, may suspend its Section 15(d) reporting obligation.  The issuer also must file a Form 15 invoking Rule 12h-3 in order for the suspension to take effect.  In other words, the filing of a Form 15 is a condition to suspending the issuer's reporting obligation pursuant to Rule 12h-3.  Where Rule 12h-3 is unavailable, an issuer will continue to have a Section 15(d) obligation until the first day of the next fiscal year in which it has less than 300 holders of record of the class of securities in question.  If it continues to have 300 or more holders, then the Section 15(d) obligation remains in place and the issuer must continue filing periodic and current reports under the Exchange Act.

      Thank you for the opportunity to assist with this matter.  Feel free to contact me at (202) 551-3500 with any questions.

                                                    Sincerely,

                                                    Mark F. Vilardo
                                                    Special Counsel

cc (e-mail only):
      Angie Dodd
      Barry Isenman
            Securities & Exchange Commission

## VERIFICATION

    I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief

October 28, 2020                                      \_\_s/Michael R. Fadlovich_____
                                                                    MICHAEL R. FADLOVICH
                                                                    Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              )
                                                    )
DIGITALTOWN, INC..                                  )    Bankruptcy #20-32155
                                                    )
                              Debtor.               )    Chapter 11 Bankruptcy Case
                                                    )

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RESCIND SUBCHAPTER V ELECTION

The Acting United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to rescind the debtor's subchapter V election.

Subchapter V Election

The debtor inappropriately made the election to be treated as a small business debtor under subchapter V of chapter 11. Eligibility under Subchapter V is determined as of the date the bankruptcy petition is filed.

Under 11 U.S.C. §101(51D), the term "small business debtor" is defined as follows:

(51D) The term "small business debtor"-
          . . .
(B) does not include—

(i) any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,000,000 (excluding debt owed to 1 or more affiliates or insiders);

(ii) any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or

(iii) any corporation that is subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 . . . and is an affiliate of the debtor.

11 U.S.C. §101(51D)(B).

Here, although the debtor purported to make the small business election under subchapter V when it filed its initial bankruptcy petition, it knew it would have issues with its status as a publicly held corporation. The debtor submitted its Form 15 to the SEC on August 27, 2020, a mere twelve days before filing the bankruptcy case. The mere submission of a form does not automatically suspend the requirement to continue filing reports with the SEC.

Although the SEC regulations are complex and applied on a case by case basis, the October 21, 2020, letter from Mark Vilardo, Special Counsel to the SEC, as attached to the U.S. Trustee's motion, establishes the relevant regulations and their application to this case.

Here, the debtor has not met the requirements of those regulations because the debtor only took the first of four steps to suspend its reporting obligations. Without more, the debtor cannot claim it is not subject to reporting obligations, at least up and through the end of its current fiscal year.

Wherefore, the U.S. Trustee submits this memorandum in support of his motion seeking conversion of the case to chapter 7.

Respectfully submitted,

JAMES L. SNYDER
Acting United States Trustee

Dated October 28, 2020                By    s/Michael R. Fadlovich
MICHAEL R. FADLOVICH
Trial Attorney
MN Attorney I.D. No. 158410
U.S. Trustee's Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 334-1356

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DIGITALTOWN, INC.. | ) | Bankruptcy #20-32155 |
| | ) | |
| Debtor. | ) | Chapter 11 Bankruptcy Case |
| | ) | |

## O R D E R

The above-entitled chapter 11 cases came before the court on the motion of the United States Trustee seeking an order rescinding the debtor's election to be treated under subchapter V of the bankruptcy code, 11 U.S.C. §1181 *et. seq.*   Appearances, if any, were as noted in the record.

Based upon the motion filed by the U.S. Trustee, any findings of the court on the record, and all of the files, records and proceedings herein, it is hereby ORDERED:

The election by DigitalTown, Inc. to be treated as a small business debtor under subchapter V of the bankruptcy code is rescinded.

_____
Katherine A. Constantine
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| DIGITALTOWN, INC.. | )    Bankruptcy #20-32155 |
|  | ) |
| Debtor. | )    Chapter 11 Bankruptcy Case |
|  | ) |

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.   That on October 28, 2020, he caused to be served a copy of the attached: United States Trustee's Motion to Rescind the Debtor's Subchapter V election, with supporting Memorandum, Proposed Order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

DigitalTown, Inc.
202 N Cedar Ave
Suite 1
Owatonna, MN 55060

Joseph W. Dicker
Joseph W. Dicker PA
1406 West Lake Street
Suite 208
Minneapolis, MN 55408

Mary Sieling, trustee
150 South Fifth Street
Suite 3125
Minneapolis, MN 55401

     Other creditors were served either via the court's CM/ECF case management system or separately by the clerk of court as provided for in it separate certificate of service.

                                                                **By:**    e/Michael R. Fadlovich
                                                                          Michael R. Fadlovich
                                                                          Trial Attorney
                                                                          MN Atty I.D. No. 158410
                                                                          U.S. Trustee's Office
                                                                          300 South Fourth St., #1015
                                                                          Minneapolis, MN   55415
                                                                          (612) 334-1356