**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No. 20-32155 |
| | Chapter 11 |
| DigitalTown, Inc., | |
|       Debtor. | |

**SECOND DECLARATION OF SAM CIACCO**

Comes now, Sam Ciacco, who upon penalty of perjury, states and declares as follows:

1. I am one of the directors, and the chief executive officer of DigitalTown, Inc., the debtor in these Chapter 11 proceedings. I make this declaration in support of the debtor's opposition to the United States Trustee's motion to rescind the debtor's election under Subchapter V of Chapter 11. I make this declaration upon my own knowledge, which includes my review of the books and records of the debtor, except where a statement is indicated to be made upon information and belief. If called to testify orally in these proceedings, I would testify substantially as follows:

2. Attached to this declaration as Exhibit 1 is a true and correct copy of Form S-8 Registration Statement dated December 5, 2006 and filed with the SEC.

3. The S-8 registration-related offering was referenced in all subsequent 10-Q and 10-K reports filed with the Securities and Exchange Commission.

Date: December 2, 2020

_____
Salvatore (Sam) Ciacco

S-8 1 s8_2006esop.htm S-9

EXHIBIT 1

SECURITIES AND EXCHANGE COMMISSION
Washington D.C. 20549

REGISTRATION STATEMENT ON FORM S-8
Under
THE SECURITIES ACT OF 1933

BDC CAPITAL, INC.
(Exact name of registrant as specified in its charter)

| Minnesota | 41-142445 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (IRS Employer Identification No) |
| 11974 Portland Ave. Burnsville, MN | 55337 |
| (Address of Principal Executive Offices) | (Zip Code) |

BDC CAPITAL, INC. 2006 EMPLOYEE STOCK AND OPTION PLAN
(Full title of plan)

James B. Parsons
2070 Skyline Tower, 10900 NE 4th Street
Bellevue, Washington 98004
(Name and address of agent for service)

(425) 451-8036
(Telephone number, including area code, of agent for service)

CALCULATION OF REGISTRATION FEE

| Title of Securities to be Registered[1] | Amount to be Registered | Proposed Maximum Offering Price per Share[2] | Proposed Maximum Aggregate Offering Price[2] | Amount of Registration Fee[2] |
|---|---|---|---|---|
| Common - Options | 5,000,000 | $2.45 | $12,250,000 | $1,310.75 |

(1) In addition, pursuant to Rule 416(c) under the Securities Act of 1933, this registration statement also covers an indeterminate amount of interests to be offered or sold pursuant to the employee benefit plan described herein.

(2) Estimated for the purpose of calculating the registration fee pursuant to Rule 457(h) under the Securities Act of 1933, as amended (the "Securities Act") based upon the price of the options as set by the Board of Directors.

Part I

INFORMATION REQUIRED IN SECTION 10(a) PROSPECTUS

Item 1. Plan Information

This Prospectus is part of a Registration Statement which registers a maximum of 5,000,000 options to purchase shares of common stock, $.001 par value, of BDC Capital, Inc. (the "Company") for distribution through the Company's 2006 Employee Stock and Option Plan ("the Plan"), as set forth below. The duration of the Plan shall be for five (5) years following the date of adoption unless earlier terminated by the Company's Board of Directors. The

Board of Directors may terminate the Plan at any time. At this time, no provisions exist for extending the duration of the Plan.

(a) General Plan Information

*Title of Plan:* BDC Capital, Inc. 2006 Employee Stock and Option Plan.

*Nature and Purpose:* To provide key employees, directors, officers, consultants and advisors of the Company and any Subsidiary with an increased incentive to make significant and extraordinary contributions to the long-term performance and growth of the Company and any Subsidiary, to join the interests of employees, directors and contractors with the interests of the shareholders of the Corporation, and to facilitate attracting and retaining employees, directors and contractors of exceptional ability.

*Modification of the Plan:* The Plan may be modified, with or without shareholder approval, by the Company's Board of Directors, provided that no such modification shall, without shareholder approval or ratification: 1) increase the aggregate maximum number of shares subject to the Plan (except as provided in Plan); 2) increase the maximum number of shares for which any Participant may be granted stock options, stock appreciation rights, or awarded restricted stock under the Plan (except as provided by the Plan); 3) change the class of persons eligible to participate in the Plan; 4) materially increase the benefits accruing to Participants under the Plan; or 5) without the consent of the holder thereof, change the stock Option price (except as provided in the Pan), or alter or impair any stock Option previously granted or awarded under the Plan.

*Plan Administrators:* The Plan shall be administered by the Board of Directors who shall have the authority to adopt, amend, interpret and rescind such administrative rules, guidelines and practices, and further make all determinations relating to the Plan as it shall deem advisable. To the extent permitted by applicable law, the Board of Directors may delegate any or all of its power under the Plan to one or more committees or subcommittees of the Board of Directors. The Board of Directors may also delegate to one or more executive officers of the Company the power to grant stock option awards to employees as outlined in the Plan.

Participants may obtain additional information about the Plan and its administration by contacting 952-890-2362 or writing 11974 Portland Ave., Burnsville, MN 55337.

*Applicable ERISA Provisions:* N/A

No other person is authorized to give any information or make any representation not contained or incorporated by reference in this Prospectus, in connection with the offer contained in this Prospectus, and, if given or made, such other information or representation must not be relied upon as having been authorized by the Company. Neither the

delivery of this Prospectus nor any sale made hereunder shall, under any circumstances, create any implication that there has been no change in the affairs of the Company since the date hereof.

THESE SECURITIES HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION NOR HAS THE COMMISSION PASSED UPON THE ACCURACY OR ADEQUACY OF THIS PROSPECTUS. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE.

This Prospectus does not constitute an offer to sell, or the solicitation of any offer to buy, any security other than the securities covered by this Prospectus, nor does it constitute an offer or solicitation by anyone in any jurisdiction in which such offer or solicitation is not authorized, or in which the person making such offer or solicitation is not qualified to do so, or to any person to whom it is unlawful to make such offer or solicitation.

### (b) Securities to be Offered

The Plan shall offer no more than 5,000,000 Options to purchase shares of the Common Stock of the Company at fair market value, as determined by the Board of Directors, based on current market value of the share underlying the options. The Plan will only offer securities registered under Section 12 of the Exchange Act.

### (c) Employees Who May Participate in the Plan

For purposes of the Plan, "Employees" include employees of the Company or any Subsidiary and is defined as any employee, director, officer, consultant or advisor provided they are natural persons, provide bona fide services to the Company, and the services are not in connection with the offer or sale of securities in a capital-raising transaction, and do not directly or indirectly promote or maintain a market for the corporation's securities.

The Board of Directors is charged with the duty to determine and designate from time to time, in its discretion, those employees of the Company or any Subsidiary to receive stock Options; provided however that Options may be granted in the case of employees of a Subsidiary, only if the Company owns, directly or indirectly, 50% or more of the total combined voting power of all classes of stock of the Subsidiary, and the Subsidiary is a corporation.

### (d) Purchase of Securities Pursuant to the Plan and Payment for Securities Offered

There is no stated period of time within which employees must elect to participate.

The purchase price of each share shall be set by the Board of Directors based on current fair market value of the stocks.

Each stock option granted under the Plan may be exercised at any such time or times or in any such installments as may be determined by the Board of Directors at the time of the grant, provided however, no stock Option right may be exercisable after the expiration of five years from the date of grant unless the Participant dies or becomes disabled prior thereto. To exercise in whole or in part any stock option granted hereunder, payment of the share price in full and in cash, or with the consent of the Board of Directors, in Common Stock of the Company or by a promissory note payable to the order of the Company in a form acceptable to the Board of Directors. In the discretion of the Board of Directors, payment of the share price may also be made by the Company retaining from the shares to be delivered upon exercise of the stock option that number of shares having a fair market value on the date of exercise equal to the option price of the number of shares with respect to which the Participant exercises the stock option. The Board of Directors may also set forth, in its discretion, additional methods and manners of appropriate payment.

The plan will make annual reports under the registrant's annual filing, as required by the Exchange Act. Reports will be made available to all Plan participants, as referenced above, either through the SEC's website or upon request to the registrant.

Securities available through the Plan will not be purchased in the open market.

### (e) Resale Restrictions

The Board of Directors may specify terms in a Corporation - Participant Agreement respecting the resale or transfer of securities purchased pursuant to the Plan, such as requiring a 'lock-up period' before resale or transfer.

### (f) Tax Effects of Plan Participation

Participants receiving Options will be subject to income at the time of exercise of those Options, since the Plan does not qualify under Section 422 of the Internal Revenue Code and may result in income to the option holder upon the exercise of the Option. If, upon the exercise of a Option, there shall be payable by the Company or a Subsidiary any amount for income tax withholding, in the Board of Director's discretion, either the Company shall appropriately reduce the amount of Common Stock or cash to be delivered or paid to the Participant or the Participant shall pay such amount to the Company or Subsidiary to reimburse it for such income tax withholding.

The Plan is not a qualified plan as that term is defined under Section 401 (a) of the Internal Revenue Code. The Company shall not be entitled to any deduction in relation to the grant of any stock or options pursuant to the Plan, and the Company shall not be deemed to receive any other amounts except the price paid by the participant to exercise the option granted.

### (g) Investment of Funds

Participating employees may not direct any portion of the assets under the Plan to more than one investment media.

### (h) Withdrawal from the Plan; Assignment of Interest

A Participant may withdraw from participation in the Plan by terminating his or her employment with the Company or Subsidiary. A Participant may not transfer a stock Option granted under the Plan except by Will or through the laws of descent and distribution and stock Options shall be exercisable only by the Participant during his or her lifetime.

### (i) Forfeitures and Penalties

If not sooner terminated, each stock Option granted under the Plan will expire not more than five (5) years from the date of the granting thereof.

Unless the Board of Directors provides otherwise, stock Options granted to a Participant under the Plan may be exercised only while the Participant is an employee of the Company or any Subsidiary. The Board of Directors may, in its sole discretion, permit the exercise of stock Options granted to a Participant who's employment with the Company, or any Subsidiary, has terminated, for a period not exceeding six (6) months following the date of termination, but only if the termination is not due to death or permanent disability of the Participation. Such an extension may be for not more than one (1) year following termination if termination is due to the death or permanent disability of the Participant. An extension may be for not beyond the expiration date of the grant with respect to Options.

In no event shall a stock Option be exercisable subsequent to its expiration date, and unless the Board of Directors determines otherwise, a stock option may only be exercised after termination of a Participant's employment to the extent exercisable on the date of termination of employment or to the extent exercisable as a result of the reason for termination of employment.

### (j) Charges and Deductions and Liens Therefore

No charges and deductions will be made against employees participating in the Plan or against funds, securities or other property held under the Plan. No person has or may create a lien on any funds, securities, or other property held under the Plan.

**Item 2. Registrant Information and Employee Plan Annual Information**

The document(s) containing the information specified in Part I of Form S-8 will be set or given to participants in the BDC Capital, Inc. 2006 Employee Stock and Option Plan as specified by Rule 428(b)(1) promulgated by the Securities and Exchange Commission (the "Commission") under the Securities Act of 1933, as amended (the "Securities Act").

Such document(s) are not being filed with the Commission, but constitute (along with the documents incorporated by reference into the Registration Statement pursuant to item 3 of Part II hereof) a prospectus that meets the requirements of Section 10(a) of the Securities Act.

## Part II

### INFORMATION REQUIRED IN THE REGISTRATION STATEMENT

**Item 3. Documents Incorporated By Reference**

The following documents are incorporated by reference:

    a) Registrant's Annual Report on Form 10-K, filed May 24, 2006;

    b) Registrant's Quarterly Report on Form 10-Q, filed July 13, 2006; and Quarterly Report on form 10-Q, filed October 16, 2006; and

    c) Registrant's Registration Statement on Form 10-SB12G, filed September 2, 1999, and amended October 14, 1999 and October 29, 1999.

All documents subsequently filed pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Securities Exchange Act of 1934, prior to the filing of a post effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference in this registration statement and to be part thereof from the date of filing of such documents.

**Item 4. Description of Securities**

Not applicable.

**Item 5. Interests of Named Experts and Counsel**

Not applicable

**Item 6. Indemnification of Directors and Officers**

Minnesota Statutes, Section 302A.521, contain an extensive indemnification provision which requires mandatory indemnification by a corporation of any officer, director and affiliated person who was or is a party, or who is threatened to be made a party to any threatened, pending or

completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he is or was a member, director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a member, director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise,

against expenses, including attorneys' fees, and against judgments, fines and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit or proceeding if he or she acted, or failed to act, in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the corporation and, with respect to any criminal action or proceeding, had no reasonable cause to believe his or her conduct was unlawful. In some instances a court must approve such indemnification.

**Item 7. Exemption from Registration Claimed**

Not applicable.

**Item 8. Exhibits**

| Exhibit No. | Description |
| --- | --- |
| 4 | 2006 Employee Stock and Option Plan |
| 5 | Opinion re: legality |
| 23.1 | Consent of Independent Accountant |
| 23.2 | Consent of Counsel (included in Exhibit 5) |

**Item 9. Undertakings**

The undersigned Registrant hereby undertakes as follows:

    1. To file, during any period in which it offers or sells securities, a post effective amendment to this registration statement to include any additional or changed material information on the plan of distribution.

    2. For determining liability under the Securities Act, treat each post-effective amendment as a new registration statement of the securities offered, and the offering of the securities at that time to be the initial bona fide offering.

    3. To file a post-effective amendment to remove from registration any of the securities which remain unsold at the end of the offering.

The undersigned Registrant hereby undertakes that, for purposes of determining any liability under the Securities Act, each filing of the Registrant's annual report pursuant to Section 13(a) or Section 15(d) of the Exchange Act (and, where applicable, each filing of an employee benefit plan's annual report pursuant to Section 15(d) of the Exchange Act) that is incorporated by reference in the registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

Insofar as indemnification for liabilities arising under the Securities Act may be permitted to directors, officers and controlling persons of the registrant pursuant to the foregoing provision, or otherwise, the registrant has been advised that in the opinion of the Securities and Exchange Commission such indemnification is against public policy as expressed in the Securities Act and is, therefore, unenforceable. In the event that a claim for indemnification against such liabilities (other than the payment by the registrant of expenses incurred or paid by a director, officer or controlling person of the registrant of expenses incurred or paid by a director, officer or controlling person in the successful defense of any action, suit or proceeding) is asserted by such director, officer or controlling person in connection with the securities being registered, the registrant

will, unless in the opinion of its counsel the matter has been settled by controlling precedent, submit to a court of appropriate jurisdiction the question whether such indemnification by it is against public policy as expressed in the Securities Act and will be governed by the final adjudication of such issue.

**SIGNATURES**

**The Registrant**: Pursuant to the requirements of the Securities Act of 1933, the Company certifies that it has reasonable grounds to believe that it meets all of the requirements for filing on Form S-8 and has duly caused this (and the amendment no. 1 to the) registration statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the City of Burnsville, State of Minnesota, on December 1, 2006.

**BDC CAPTIAL, INC.**

*/s/ David R. Pomije*
David R. Pomije, CEO


Pursuant to the requirements of the Securities Act of 1933, this (and the amendment no. 1 to the) registration statement has been signed by the following person in the capacities and on the date indicated.

*/s/ David R. Pomije*
Name: David R. Pomije
Title: CEO
Date:  December 5, 2006

**The Plan**: Pursuant to the requirements of the Securities Act of 1933, the Board of Directors has duly caused this registration statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the City of Burnsville, State of Minnesota, on December 1, 2006.


**BDC Capital, Inc.**
**2006 Employee Stock and Option Plan**
*/s/ Richard Pomije*
Name: Richard Pomije
Title: Director
Date: December 5 2006