UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re | Chapter 11 |
| DigitalTown, Inc. | Subchapter V |
| debtor. | Bky #20-32155 |

NOTICE OF HEARING ON MOTION TO
DISMISS OR CONVERT CASE TO CHAPTER 7

TO:   The debtors, all creditors and other parties in interest:

The Acting United States Trustee has brought a motion before the court seeking either a dismissal of this case or a conversion of the case to one under chapter 7.

The court will hold a hearing on this motion before the Honorable Katherine A. Constantine, U.S. Bankruptcy Judge, at 10:00 a.m. on Thursday, December 2, 2021, in Courtroom No. 2C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, MN   55101.

Any response to this motion must be filed and delivered not later than November 27, 2021, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

Dated: _____   CLERK OF BANKRUPTCY COURT

By:   _____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re | Chapter 11 |
| DigitalTown, Inc. | Subchapter V |
| debtor. | Bky #20-32155 |

NOTICE OF HEARING AND
MOTION TO DISMISS OR CONVERT CASE
TO A CASE UNDER CHAPTER 7

TO:   The debtors and other entities specified in Local Rule 9013-3.

1.   James L. Snyder, Acting United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion before the Honorable Katherine A. Constantine, U.S. Bankruptcy Judge, at 10:00 a.m. on Thursday, December 2, 2021, in Courtroom No. 2C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, MN   55101.

3.   Any response to this motion must be filed and delivered not later than November 27, 2021, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).   **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1. Venue issues are also controlled by 28 U.S.C. §1408, §1409 and §1412. The United States Trustee has standing to file this motion pursuant to 28 U.S.C. §586(a) and 11 U.S.C. §307.   This matter constitutes a core proceeding.

5. This motion arises under 11 U. S. C. §1112(b) and Fed. R. Bankr. P. 1017 and 2002. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 9013-3. Movant requests that this case be converted to chapter 7 or dismissed. Conversion to chapter 7 is the better outcome since the debtor has been out of business for an extended period of time and the conversion will put to rest any remaining issues for both creditors and shareholders, establishing that the company has no value.

**FACTS**

6. The voluntary petition under chapter 11 commencing this case was filed on September 8, 2020. As part of the voluntary petition, the debtor elected to have the case treated under Subchapter V, part of the Small Business Reorganization Act of 2020 and 11 U.S.C. §1182. May Sieling was appointed Subchapter V trustee. The case is now pending before the court.

7. The debtor was previously engaged in the business of building and marketing computer software, including, the debtor claimed, the acquisition and management of domain names. The debtor's stock is publicly traded on the over-the-counter market under the symbol DGTW. As such, the debtor had ongoing reporting requirements to the Securities Exchange Commission (SEC).

8. On October 6, 2020, the undersigned counsel to the U.S. Trustee conducted the meeting of creditors required under 11 U.S.C. §341(a). At that meeting, the debtor's president Sam Ciacco appeared telephonically and testified. Mr. Ciacco testified, *inter alia*, that the debtor has run up extraordinary debt, much of which is the result of notes given to creditors with "conversion" features allowing the creditor to convert the debt to stock. He further testified that at present, the debtor has no business operations, no employees, no income and no bank account.

Mr. Ciacco further testified at that time that the plan to be proposed in chapter 11 would include new financing from a committed investor who will purportedly invest up to $5 million in the debtor to restart the business. The initially proposed plan would also require the application of §1191(b) which allows for the confirmation of a plan without an impaired and accepting class, as otherwise required by §1129(a)(10). A copy of the transcript of Mr. Ciacco's testimony at the §341(a) meeting is in the court record as Exhibit #2 to ECF #36.

9. On October 28, 2020, the U.S. Trustee filed two motions. The first was a motion to dismiss or convert the case to chapter 7. ECF #15. The second was a motion to rescind the debtor's subchapter V election. ECF #16. The basis for the U.S. Trustee's motion to dismiss or convert was, *inter alia*, the debtor's lack of any business operations for an extended period of time, lack of hard assets, lack of any income from operations, the inability to confirm a plan, and a lack of good faith in proposing the plan. See ECF #16. See also, Supplement to U.S. Trustee's motion. ECF #36. On December 23, 2020, the court denied the U.S. Trustee's motion to convert or dismiss without prejudice. ECF #41. Accordingly, the Acting U.S. Trustee is once again seeking conversion of this case.

10. The U.S. Trustee's motion to rescind the debtor's subchapter V election was also contested and the court, on February 10, 2021, denied that motion. ECF #41. Since that time, the debtor has been free to work on its reorganization but, as described below, has accomplished virtually nothing.

11. On January 28, 2021, creditor Richard Pomije filed a complaint under 11 U.S.C. §523(a) seeking to have the debtor's debt to him held non-dischargeable. See ECF #57 and Adv. Proc. #21-03003. On June 18, 2021, the court ordered the debtor and Mr. Pomije to mediation. ECF #72. As a result of that mediation, the debtor and Mr. Pomije entered a partial

settlement agreement resolving certain issues for the limited purpose of addressing Mr. Pomije's claim in the context of the debtor's subchapter V plan. The motion to approve that compromise and settlement is now set for hearing on December 1, 2021. See ECF #89. A review of that proposed settlement reveals that it only resolves the amount of Mr. Pomije's claim if the debtor's plan is confirmed. The settlement contradictorily reserves to Mr. Pomije the right to object to that plan's confirmation.

12.    On October 18, 2021, the debtor filed its modified plan which was dated that same date. That plan includes an exhibit titled "Disclosure Information" which also outlines parts of the debtor's plan[1]. See ECF #90. (hereafter "Plan" and "Disclosure Information").

13.    Debtor's latest Plan provides that existing creditors, as well as prior creditors who took stock for debt pre-petition, will again receive additional stock in the debtor in satisfaction of their claims or interests. The Plan provides that although the debtor has had no business for a number of years pre-petition, it intends and expects to start up a new business operation that will generate excess cash flow to pay Class C preferred shareholders in years 4 and 5 of the Plan. See Plan, ECF #90.

14.    Debtor's latest Plan provides, as a "means for implementation" (ECF #90, p.5) that the debtor will issues new shares of common stock and Class C preferred stock in resolution of claim against it. *Id.* That "means of implementation" provision also references the "Attachment 1 – Disclosure Information"[2] which identifies purported sources of funds or new

---

[1] The U.S. Trustee has numerous objections to debtor's latest plan. Those formal objections will be filed prior to the hearing on plan confirmation and this motion.

[2] The information in debtor's plan attachment is not explicitly part of debtor's plan and is therefore of questionable binding authority on the debtor if the plan is confirmed.

financing, including equity lines of credit and a "term sheet" outlining funds to be received by the debtor from Premier Venture Partners post-confirmation. See Disclosure Information, ECF #90, pp. 17-18. Attached to the Disclosure Information is the 15 month old "term sheet" from Premier Venture Partners (dated August 11, 2020) which remains unsigned. Consequently, this source of funding in support of the plan is wholly speculative and creditors and the court cannot rely on this statement to support plan feasibility[3].

15. Since the inception of the case, the debtor has been filing monthly operating reports with the court. The most recent report for September 2021, (ECF #88) shows no income, no employees, no activity in any bank accounts, and nothing by way of a business. The only incurred expense was $450 for monthly "transfer agent costs". A review of prior operating reports going back to the beginning of the case in September 2020, shows the same. Nothing by way of any business or cash flow during the entire pendency of this case. Further, the debtor's CEO, Mr. Sam Ciacco, testified at the §341(a) meeting on October 6, 2020, that the debtor had not had any pre-petition business operations for five years prior to the commencement of the case. See Exhibit A to ECF #36, U.S. Trustee's Supplement to prior Motion to Convert or Dismiss. Further, the debtor's latest Plan includes a Liquidation Analysis which also concedes: "The debtor essentially has only one asset – its proprietary software. The software is outdated and needs to be updated". The Liquidation Analysis shows the software with a "listed" value of

---

[3]In addition, the terms of this so-called investment are grossly unfair to both existing and new creditors and instead, the "term sheet" from Premier Venture Partners appears to be self-dealing, opportunistic bottom feeding. For an explanation of this, see U.S. Trustee's Supplement to the U.S. Trustee's prior (December 2020) motion to convert or dismiss, at ECF #36, p. 6 of 12, ¶13.

$2,500 and a "liquidation" value of $0.00. No other assets are shown on the liquidation analysis to have value. See ECF #90, Disclosure Information, p. 14.

16. A further review of the debtor's Plan shows it has certain plan obligations that require the immediate disbursement of cash, which include payment of administrative expenses, professionals including the subchapter V trustee, and priority claims. The debtor has no cash to do so. Also, the Disclosure Information attached to debtor's latest Plan says: "The total unsecured, undisputed and unsettled debt of the Debtor amounts to $2,542,657". ECF #90, Disclosure Information, p. 21. On information and belief, this is the sum that will be converted to Class C stock under debtor's plan. The plan will then defer payments for at least four years and then in year four the plan unrealistically projects payment of $200,225, or 7.8% on the dollar[4]. In the mean-time, the debtor still needs cash it does not have to pay administrative expense claims.

17. A review of debtor's current Plan further reveals that its "business plan" is wholly unrealistic. The Disclosure Information attached to debtor's most recent plan describes the debtor's future business plan, saying: "DigitalTown provides an alternative to multi-national search engines and marketplaces". (ECF #90, Disclosure Information, p.15, first full paragraph). i.e. It appears debtor's latest Plan is to compete with the likes of Google and Bing with debtor's own search engine on a local basis. The debtor's Disclosure of Information goes on to state: "DigitalTown would expand the marketplace to include social media aspects such as messaging,

---

[4] The 7.8% figure is only for the existing unsecured creditors whose claims are converted to Class C shares. There are also prior creditors who took stock pre-petition in satisfaction of claims that will also participate in the Class C distribution in year four, so the actual percentage distribution is likely to be much less than 7.8%.

posting, searching, etc. to encourage increased adoption and usage of this service". (ECF #90, Disclosure Information, p. 16, first sentence). i.e. The debtor's latest plan also purports to compete with the likes of Facebook. With no money, no assets, outdated software, no employees, etc., the debtor's "business plan" appears to be not only unrealistic, but completely detached from reality. What the debtor claims is its reorganization plan is really no plan at all.

## MOTION TO CONVERT OR DISMISS

18. Cause exists to immediately dismiss this case or convert it to chapter 7. At the time this motion is heard, the debtor will have been under the chapter 11 protection of this court for about fifteen months, which is unheard of for a subchapter V case. During that time, and for the five or so years preceding it, the debtor has had no business, no employees, no operations and nothing to reorganize. It has not attempted to start up business, even post-petition, because it has no money to do so. If it had any business operations to modify as part of a reorganization, the debtor would have done so, but it does not. Further, if Premier Venture Partners or any other investor wanted to invest in the debtor, they could have done at any time during the case, but they also have not. Cause exists to immediately convert the case to chapter 7. There is nothing to reorganize and there has been no progress by way of a rehabilitation or restarting the business. Consequently, there has now been an unreasonable delay which is prejudicial to creditors. That, combined with the ongoing losses from operations, establishes that cause exists to convert under 11 U.S.C. §1112(b)(4)(A).

19. Cause also exists because the debtor cannot confirm a plan because it cannot show that any plan is feasible. Inability to confirm a plan is also cause for immediate conversion to chapter 7. The feasibility requirement of §1129(a)(11), as incorporated by §1191, requires that

the debtor not have the need for further financial reorganization. Here, with no money, no new financing, outdated software, no business prospects, no employees, and an unrealistic business plan, the debtor simply cannot meet its burden of proof under §1129(a)(11). Although in many other cases, there is often some uncertainty regarding a debtor's ability to meet the feasibility standard, here there can be no doubt. Again, debtor's plan is nothing but baseless and wholly unrealistic expectations. It doesn't even have a customer and it has provided no explanation as to how it will generate cash flow in the future. The debtor has no chance at financial success under the plan now proposed. Since the plan is not feasible, it cannot be confirmed and the inability to confirm a plan is additional cause to convert the case to chapter 7 under §1112(b)(4).

20. There is also the requirement that the plan be proposed in good faith, which the debtor cannot do in this case. The debtor has almost three *billion* shares of outstanding stock[5] and nothing else. Apparently, some of the debtor's shareholders are willing to maintain the *status quo* interminably. That is not the purpose of chapter 11 and not a legitimate basis for confirming a chapter 11 plan. The outstanding shares (which on information and belief trade at less than one-tenth of one cent per share), really have no value whatsoever. As is often the case in chapter 11 cases, the shareholders need to recognize this, but have difficulty doing so. Here, however, the problem is much worse because with no assets, no business and no business prospects[6], a confirmation of the debtor's plan would have the effect of perpetuating the falsehood that this debtor's stock has value, when that is simply not true. The court should not sanction this ruse with a confirmation order because the effect may be that some new shareholder

---

[5] As of September 8, 2020, the debtor had 2,963,377,177 total outstanding shares of stock. See Declaration of Sam Ciacco, ECF #47-1, exhibit 1.

[6] The debtor cannot even identify a single future customer.

could come in and invest, purchasing debtor's stock based on the plan confirmation and the tacit endorsement from the court that a plan confirmation order would bring. The court must not only reject this outcome as proposed by the debtor, but it should also end the ruse by converting the case to chapter 7, rather than simply dismissing the case. Since debtor's current plan cannot meet the good faith requirement of §1129(a)(3), it cannot be confirmed and that too is cause to convert the case to chapter 7.

CONCLUSION

21. The debtor's business has been dead for over six years. Shareholders don't want to accept this, but there is nothing to reorganize. The debtor does not have the ability to propose a plan that is feasible because it has no financial cash flow and the source of its new infusion of cash is illusory. The debtor cannot meet the confirmation standards of feasibility and good faith and accordingly, no purpose is served by having the debtor remain under chapter 11.

22. Based on the record before the court, cause exists to immediately dismiss this case or convert the case to chapter 7. Once the U.S. Trustee establishes cause for conversion or dismissal, the burden shifts to the debtor to show that "special circumstances" exist which show that a plan can be confirmed quickly and assuredly. See attached Memorandum. Here, the debtor cannot make such a showing.

23. The United States Trustee submits that the foregoing constitutes cause for immediate dismissal or conversion to chapter 7.

WHEREFORE, the United States Trustee moves the court for an order dismissing the case or converting the case to a case under chapter 7. The U.S. Trustee submits that conversion to chapter 7 is the best outcome because it provides finality to the unsecured creditors who have been subject to the automatic stay for over a year and also because it provides finality to the shareholders

who hold worthless stock. Based on the foregoing, the court should immediately convert the case to a case under chapter 7.

Dated: October 27, 2021                                JAMES L. SNYDER
                                                          Acting United States Trustee
                                                          Region 12

                                                 By:         s/ Michael R. Fadlovich
                                                        MICHAEL R. FADLOVICH
                                                        Trial Attorney
                                                        MN Attorney I.D. No. 158410
                                                        United States Trustee's Office
                                                        1015 U.S. Courthouse
                                                        300 South Fourth Street
                                                        Minneapolis, MN   55415
                                                        (612) 334-1356

## VERIFICATION

    I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief

October 27, 2021                           /s/Michael R. Fadlovich
                                                          MICHAEL R. FADLOVICH
                                                          Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re                                                                           Chapter 11
DigitalTown, Inc.                                                            Subchapter V

debtor.                                                              Bky #20-32155

---

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT OR DISMISS

---

The United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to dismiss this case or convert it to a Chapter 7 case.

CONVERSION TO CHAPTER 7

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. §1112 and FED R. BANKR. P. 9014. A request for dismissal or conversion of a case shall be made by motion. A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. Local. R. Bankr. P. 1017-2. A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7. 11 U.S.C. §1112(f).

Under 11 U.S.C. §1112(b), the specific requirements for the conversion or dismissal of a chapter 11 case are set forth. That section provides:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual

    circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that

        (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

        (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)C

            (i) for which there exists a reasonable justification for the act or omission; and

            (ii) that will be cured within a reasonable period of time fixed by the court.

. . .

(4) for purposes of this subsection, the term "cause" includes

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this    title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,

    (K) failure to pay any fees or charges required under chapter 123 of title 28;

    (L) revocation of an order of confirmation under section 1144 ;

    (M) inability to effectuate substantial consummation of a confirmed plan;

    (N) material default by the debtor with respect to a confirmed plan;

    (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

    (P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

Cause for conversion or dismissal is not limited to the reasons expressed in §1112(b), (e). 11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa. 1988).

In this case, cause exists to immediately convert the case to chapter 7. The debtor admittedly has no business and has had no business for over six years. Its business plan is illusory and its chapter 11 plan is dependent on a financing "term sheet" that is outdated, unsigned and wholly speculative. The plan now before the court fails to propose any payments to creditors until four years post-confirmation, and then the likelihood of payment is not only remote, but given the huge number of preferred Class C shares, any distribution will be so small so as to be meaningless. The plan is not feasible, does not comport with the requirements of the bankruptcy code and is not proposed in good faith. As a result, cause exists under §1112(b)(4) for conversion to chapter 7 without delay.

If allowed to remain under chapter 11, the losses to the bankruptcy estates will continue to accrue in the form of administrative expenses, including professional fees related to the chapter 11 administration, subchapter V trustee fees and the costs of monthly operating report preparation. These expenses will be incurred at a time when the debtor has *zero* income, as shown by 14 months of operating reports. As a result, there is an ongoing loss to and diminution of the estate with no likelihood of rehabilitation. Consequently, no purpose is served by the debtor remaining under chapter 11.

Since there is cause for dismissal or conversion of the case to chapter 7, the burden has now shifted to the debtor to show that it should remain in chapter 11. See 11 U.S.C. §1112(b)(2). That section requires that the bankruptcy court make a finding that "specifically identifies unusual circumstances" establishing that conversion is not in the best interests of the estate and creditors,

and that there is a reasonable likelihood that a plan will be confirmed within a reasonable time. *Id.*

Here, based on what's transpired thus far in the cases, the debtor cannot allege that such "special circumstances" exist. Over the entire duration of the case, nothing has happened, other than a partial agreement has been entered with one creditor, Richard Pomije. With respect to finding new financing, reorganizing business operations, or upgrading software and finding users/customers, the debtor has done absolutely nothing. As a result, there should be no further delay. The situation demands immediate dismissal or conversion to chapter 7.

"The purpose of §1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995). Any delay in conversion is simply gambling with the creditors' funds, a result which cannot be countenanced by the court. This is particularly true where, as in this case, the claims total over $2.5 million and the anticipated repayment is miniscule if it exists at all, and the payments will not commence for four years.

Parties to a case are entitled to rely on facts established in the record in making a case for conversion or dismissal under §1112(b). See Loop, at 518. Here, the U.S. Trustee relies on the verified motions in the record, the debtor's proposed plan, sworn schedules and monthly operating reports, as well as absences in the record of documents the debtor should be filing. There are no factual disputes which would mitigate the cause established for immediate dismissal or conversion and accordingly, dismissal or conversion is imperative.

Based on the foregoing, cause exists to immediately dismiss or convert the case to chapter 7.

Wherefore, the U.S. Trustee submits this memorandum in support of his motion seeking dismissal or conversion of the case to chapter 7.

                Respectfully submitted,
                JAMES L. SNYDER
                Acting United States Trustee

Dated October 27, 2021        By      s/Michael R. Fadlovich
                MICHAEL R. FADLOVICH
                Trial Attorney
                MN Attorney I.D. No. 158410
                U.S. Trustee's Office
                 1015 U.S. Courthouse
                 300 South Fourth Street
                Minneapolis, MN   55415
                (612) 334-1356

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re    Chapter 11
DigitalTown, Inc.    Subchapter V

debtor.    Bky #20-32155

---

O R D E R

---

The above-entitled chapter 11 cases came before the court on the motion of the United States Trustee seeking an order dismissing or alternatively converting the cases to chapter 7. Appearances, if any, were as noted in the record.

Based upon the motion filed by the U.S. Trustee, any findings of the court on the record, and all the files, records and proceedings herein, it is hereby ORDERED:

The chapter 11 case of DigitalTown, Inc. is converted to a case under chapter 7.

_____
United States Bankruptcy Judge

| | |
|---|---|
| In Re | Chapter 11 |
|    DigitalTown, Inc. | Subchapter V |
|       debtor. | Bky #20-32155 |

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.   That on October 27, 2021, he caused to be served a copy of the attached: United States Trustee's Motion to Dismiss or Convert Case to Chapter 7 with supporting Memorandum, Proposed Order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

DigitalTown, Inc.
202 N Cedar Ave
Suite 1
Owatonna, MN 55060

     Other creditors were served either via the court's CM/ECF case management system or separately by the clerk of court as provided for in its separate certificate of service.

                                        **By:**   **e/Michael R. Fadlovich**
                                                       Michael R. Fadlovich
                                                        Trial Attorney
                                                       MN Atty I.D. No. 158410
                                                       U.S. Trustee's Office
                                                       300 South Fourth St., #1015
                                                       Minneapolis, MN   55415
                                                       (612) 334-1356